# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kevin J. Phillips,

                Plaintiff,        Civ. No. 09-2447 (RHK/FLN)
                                             **MEMORANDUM OPINION**
                                             **AND ORDER**

v.

Speedway SuperAmerica LLC, a wholly
owned subsidiary of Marathon
Petroleum Company, LLC,

                Defendant.

---

Jesse Gant, III, Jesse Gant, III, Attorney at Law, P.A., Blaine, Minnesota, for Plaintiff.

Stephanie D. Sarantopoulos, Jeffrey A. Timmerman, Littler Mendelson, P.C., Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

       This action arises out of an August 15, 2007, incident at Defendant Speedway SuperAmerica LLC's ("Speedway") Richfield, Minnesota convenience store. Plaintiff Kevin Phillips alleges that the store's employees detained him and accused him of shoplifting because he is black. He asserts that these actions violated the Minnesota Human Rights Act ("MHRA"), Minnesota Statutes § 363A.01 *et seq.*, and constituted negligence. Speedway now moves for summary judgment. For the reasons that follow, the Court will grant its Motion.

## BACKGROUND

The material facts either are undisputed or, where in dispute, are recited below in the light most favorable to Phillips. See Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000).

Speedway operates gasoline convenience stores across the Midwest. On August 15, 2007, Phillips went to Speedway's Richfield store to purchase Tylenol for ankle pain resulting from surgery three weeks earlier. Two employees were working in the store at the time: Zeharyas Doni, who is black (of African descent), and Matthew Thomas, who is white.

The store did not have any Tylenol; instead, Phillips purchased a cigar and left. According to Phillips, Doni followed him into the parking lot, grabbed him from behind, and pulled him to the ground, allegedly aggravating his ankle injury and causing injuries to his head and a tooth. Doni accused Phillips of being a thief and told him that he was going to jail; he then led Phillips back into the store. Once inside, Thomas accused Phillips of shoplifting, threatened to call police, and told him to empty his pockets, stating, "I know how you Black guys from Chicago are."[1] Doni and Thomas later determined that Phillips had not stolen any merchandise and allowed him to leave.

Phillips subsequently filed a race-discrimination charge against Speedway with the Minnesota Department of Human Rights ("DHR"); the DHR found "no probable cause" to believe discrimination had occurred. Phillips, proceeding *pro se*, then commenced the instant action against Speedway in Hennepin County District Court, asserting claims of

---

[1] At the time, Phillips was wearing a Chicago White Sox baseball cap.

false imprisonment, assault, battery, negligence, negligent supervision, slander, and violation of the MHRA and 18 U.S.C. § 1514. Speedway removed the action to this Court, asserting that both federal-question jurisdiction and diversity jurisdiction existed. Following removal, Speedway moved to dismiss certain of Phillips's claims, including the claim under 18 U.S.C. § 1514. It argued that this claim was "frivolous" because the statute – which concerns the intimidation of witnesses in criminal cases – creates no private cause of action. (See Doc. No. 5 at 5-6.)[2] Phillips then obtained counsel, who stipulated to dismiss all of the claims Speedway had moved to dismiss. That stipulation left remaining in this case only three claims: violation of the MHRA, negligent supervision, and negligence. Phillips later amended his Complaint, but the same three causes of action remained.

Following discovery, Speedway moved for summary judgment. Before considering the merits of the Motion, however, the Court noted some jurisdictional concerns in an Order to Show Cause dated September 9, 2010. Specifically, the Court concluded that federal-question jurisdiction did not exist because the lone federal claim Phillips had asserted (under Section 1514) was frivolous. (See Doc. No. 68 at 3-4.) Hence, the only possible basis for jurisdiction was diversity. Yet, the Court possessed insufficient information to determine whether diversity existed, as Speedway is a limited liability company and had not identified its members in its Notice of Removal. (Id. at 4-

---

[2] Section 1514 provides, in pertinent part, that a "United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case, if the court finds" certain facts. 18 U.S.C. § 1514(a)(1). Although Phillips's Complaint alleged that Speedway had violated 18 U.S.C. § 1514(*c*)(1), that subsection merely provides definitions for the remainder of Section 1514.

5.) Accordingly, the Court directed Speedway to proffer sufficient evidence from which it could determine if diversity jurisdiction existed in this case.

Speedway has now complied with the Court's Order to Show Cause and demonstrated that the parties are indeed diverse; Phillips has not argued otherwise. (See Doc. Nos. 69-70.) Accordingly, the Court will discharge the Order to Show Cause. With the jurisdictional concerns addressed, Speedway's Motion for Summary Judgment is now ripe for disposition.[3]

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves, 229 F.3d at 723; Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that

---

[3] In the Order to Show Cause, the Court canceled the hearing on Speedway's summary-judgment Motion pending resolution of the jurisdictional issue. Having reviewed the parties' Motion papers, the Court has concluded that oral argument would not materially assist its resolution of the Motion, and it will decide the Motion based on the written submissions.

specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Cnty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

I. **The MHRA claim**

Phillips first alleges a violation of the MHRA's public-accommodation provision, Minnesota Statutes § 363A.11, subdivision 1. That statute provides, in pertinent part, that it is unlawful to "deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of race." Claims under the statute are analyzed using the familiar McDonnell Douglas burden-shifting framework, see, e.g., Monson v. Rochester Athletic Club, 759 N.W.2d 60, 63 (Minn. Ct. App. 2009), which requires Phillips to first establish a *prima facie* case of discrimination. To do so, he must show that (1) he is a member of a protected class, (2) he was denied services or accommodations by Speedway, and (3) the denial occurred because of his membership in the protected class. Id.; Harrington v. Nw. Airlines, Inc., No. A03-192, 2003 WL 22016032, at *3 (Minn. Ct. App. Aug. 26, 2003). The third element of the *prima facie* case typically is the most difficult for a plaintiff to satisfy – as this Court has previously recognized, many discrimination cases "founder at this third and final step of the McDonnell Douglas framework." Kahler v. Peters, Civ. No. 05-1107, 2007 WL 551612, at *5 (D. Minn. Feb. 21, 2007) (Kyle, J.). That is the case here.

Phillips asserts that he was discriminated against because of his race. Hence, in order to satisfy the third element of his *prima facie* case, he must proffer "sufficient direct

5

and indirect circumstantial evidence [to show] a nexus or causal connection between [his race] and [Speedway's] disparate treatment." Porter v. Children's Health-Care Minneapolis, No. C5-98,1342, 1999 WL 71470, at *5 (Minn. Ct. App. Feb. 16, 1999). Stated another way, the record must contain sufficient evidence to permit the inference that the conduct complained of was due to Phillips's race. The record is devoid of such evidence.

There is no dispute that other black customers patronized Speedway's Richfield store on the night in question, and they were neither detained nor accused of shoplifting. (See Phillips Dep. Tr. at 133, 140-41.)[4] Phillips has proffered no evidence indicating that the store has a history of accusing blacks of theft or that Doni or Thomas singled out black customers for disparate treatment – indeed, such a contention would be difficult to accept given that Doni is himself black. See, e.g., Almon v. Goodyear Tire & Rubber Co., No. 07-4104, 2009 WL 1421199, at *7 (D. Kan. May 20, 2009) (collecting cases indicating that "proof that the [alleged discriminator] is . . . the same race as the plaintiff considerably undermines the probability that race was a negative factor in" the challenged conduct). Simply put, there is nothing before the Court to suggest that the

---

[4] In his deposition, Phillips pointed out that these other individuals were black *females*, not black males (Phillips Dep. Tr. at 132), suggesting that he was trying to morph his claim into one of gender discrimination. But the Complaint mentions only race discrimination, as does Phillips's charge of discrimination with the DHR. (See Timmerman Aff. Ex. 7.)

store's employees acted for any reason other than their suspicion that Phillips had shoplifted.[5]

Phillips points to Thomas's (alleged) statement, "I know how you Black guys from Chicago are." (See Mem. in Opp'n at 13.) Even assuming this statement was made, however, it is not enough. Although a plaintiff's evidentiary burden at the *prima-facie*-case stage is "minimal," Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1119 (8th Cir. 2006), "[i]t is not . . . nonexistent," Crews v. Trs. of Columbia Univ. in City of N.Y., 452 F. Supp. 2d 504, 522 (S.D.N.Y. 2006). In the Court's view, given the facts recited above, this lone comment is insufficient to establish that Doni and Thomas acted out of racial animosity. See Porter, 1999 WL 71470, at *5-6 (plaintiff failed to establish *prima facie* case of race discrimination despite comment by defendant's employee that plaintiff was acting like an "angry black man," since he presented no other evidence that he was "treated differently from anyone else using [defendant's] services"); see also Hervey v. Cnty. of Koochiching, 527 F.3d 711, 720 (8th Cir. 2008) ("[A] single comment that merely references [race] is not sufficient to create a genuine issue of material fact of [race] discrimination.").[6]

---

[5] This includes the fact that Doni allegedly violated Speedway policy when he confronted Phillips in the parking lot; he has proffered no evidence to suggest this occurred on account of his race. See Haas v. Kelly Servs., Inc., 409 F.3d 1030, 1036 (8th Cir. 2005) (defendant's violation of internal policies when terminating plaintiff's employment did not imply discrimination); see also Carraher v. Target Corp., 503 F.3d 714, 719 (8th Cir. 2007).

[6] Even if the comment were sufficient to establish a *prima facie* case, Phillips offers no other, persuasive evidence sufficient to rebut Speedway's proffered reason for detaining him: its suspicion that he had shoplifted. Hence, his claim would fail at the third step of McDonnell Douglas.

7

Phillips also points out that Doni (1) has been disciplined for making discourteous comments to customers and (2) dislikes "Blacks and Whites born and raised in America" and has a "great[] disdain for White people." (Mem. in Opp'n at 14-15.) But these facts do not help his cause. If anything, they show that Doni treats all Americans equally rudely; they do not indicate he is more likely to harbor animus towards blacks or that his conduct here occurred because Phillips is black.[7] Phillips also points out that he was unable to locate Thomas to question him about the incident, and he suggests that the Court should infer discrimination from Thomas's absence. (See Mem. in Opp'n at 14.) The Court declines this irrational invitation.

At bottom, Phillips has failed to proffer sufficient evidence to suggest that Doni's or Thomas's conduct occurred because of his race. Accordingly, he has failed to establish a *prima facie* case of discrimination under the MHRA, and the claim must be dismissed.

## II. The negligence claims

The two remaining claims in the Amended Complaint sound in negligence. Neither passes muster.

Phillips first alleges that Speedway negligently supervised Doni and Thomas. Speedway argues *inter alia* that this claim is subject to a two-year statute of limitations

---

[7] Once again (see supra note 3), Phillips attempts to alter the nature of his claim by suggesting that Doni discriminated against him because he is American, *i.e.*, on the basis of his national origin. Yet, he did not allege national-origin discrimination in his Complaint or in his discrimination charge.

and is untimely.[8] Phillips has not responded to this argument, which is itself a sufficient basis to dismiss the claim. See, e.g., A.C. ex rel. M.C. v. Indep. Sch. Dist. No. 152, Civ. No. 06-3099, 2006 WL 3227768, at *4 (D. Minn. Nov. 7, 2006) (Frank, J.) (holding that plaintiff abandoned claims by failing to address defendant's argument in his response to defendant's summary-judgment motion).

Regardless, the claim fails on the merits. Negligent supervision requires a plaintiff to proffer evidence that (1) the employee's conduct was foreseeable to the employer and (2) the employer failed to exercise ordinary care in supervising the employee. E.g., M.L v. Magnuson, 531 N.W.2d 849, 858 (Minn. Ct. App. 1995) (quoting Cook v. Greyhound Lines, Inc., 847 F. Supp. 725, 732 (D. Minn. 1994) (Erickson, M.J.)). There is no evidence here that any of Doni's or Thomas's alleged "misconduct" should have been foreseeable to Speedway, and Phillips acknowledged as much in his deposition. (See Phillips Dep. Tr. at 167-76.) The company maintains policies prohibiting both discrimination and the pursuit of suspected shoplifters (see Timmerman Aff. Exs. B-C), and there is no evidence that Speedway was aware of any incidents similar to the one in this case before August 15, 2007. Indeed, in his deposition Doni denied chasing any shoplifting suspects out of the store. (Doni Dep. Tr. at 46-47.) Moreover, even if the challenged conduct here were foreseeable, Phillips has pointed to no evidence suggesting that Speedway failed to take adequate measures to prevent it, and Speedway's anti-

---

[8] The incident occurred on August 15, 2007, but the Complaint was not filed until August 20, 2009. (See Ex. A to Notice of Removal (Doc. No. 1).)

discrimination and anti-pursuit policies belie such a contention. The negligent-supervision claim thus fails.

The precise contours of the remaining negligence claim are somewhat unclear. In his deposition, Phillips seemed to suggest that the claim is predicated on Speedway's negligent supervision and negligent training of Doni and Thomas. (See Phillips Dep. Tr. at 177-81.) But to the extent he relies upon negligent supervision, the claim fails for the reasons set forth above. And the tort of negligent training is not recognized in Minnesota. See, e.g., Johnson v. Peterson, 734 N.W.2d 275, 277 (Minn. Ct. App. 2007) ("[C]urrent Minnesota law does not recognize a cause of action for negligent training."). Neither theory, therefore, can support his negligence claim.

Likely recognizing this fact, Phillips attempts to recast the claim in his Opposition Memorandum, contending that it is predicated upon the allegedly "excessive" force Doni used when stopping him in the store parking lot. (See Mem. in Opp'n at 20-23.) As Speedway correctly points out, however, such a claim cannot stand.

In Minnesota, there exist only "three causes of action where a claimant sues an employer in negligence for injuries caused by one of its employees: negligent hiring, negligent retention, and negligent supervision." M.L., 531 N.W.2d at 856. Such claims must be distinguished from negligence based on respondeat superior. "Respondeat superior imposes *vicarious* liability on an employer for all acts of its employees that occur within the scope of their employment, regardless of the employer's fault. Negligent employment imposes *direct* liability on the employer only where the claimant's injuries are the result of the employer's failure to take reasonable precautions

to protect the claimant from the misconduct of its employees." Id. at 856 (emphases added).

Here, the Complaint does not allege that Speedway is vicariously (indirectly) liable to Phillips, but rather that it is *directly* responsible for his injuries. (See Am. Compl. ¶ 12 ("Plaintiff claims that based upon the above-referenced facts and allegations, *that defendant was negligent* in causing his injured [ankle] to swell and resonate in pain.") (emphasis added).) Hence, even if the Court were to entertain Phillips's reconstituted negligence claim, it would still fail. To impose direct liability on Speedway, Phillips must show negligent hiring, negligent retention, or negligent supervision. M.L., 531 N.W.2d at 856. But he does not assert negligent hiring or negligent retention here (and certainly proffers no evidence of the same), and negligent supervision has been rejected for the reasons set forth above. Accordingly, the negligence claim must be dismissed.[9]

---

[9] While the Court is obligated to construe the Amended Complaint "so as to do justice," Fed. R. Civ. P. 8(e), it need not attempt to "divine the [plaintiff's] intent and create claims that are not *clearly raised*," Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004) (emphasis added). That rule applies with particular force here, because although Phillips was *pro se* when he filed his initial Complaint, he was represented by counsel when he filed his Amended Complaint with its amorphous negligence claim. See Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) (noting that "various procedural protections" are afforded to parties appearing *pro se*, including the liberal construction of their pleadings, but such protections are "not otherwise afforded to the ordinary attorney-represented litigant"); Powell v. Galveston Indep. Sch. Dist., Civ. A. No. G-06-415, 2006 WL 2239097, at *1 n.3 (S.D. Tex. Aug. 1, 2006) (*pro se* plaintiff, who was a licensed attorney, was "not entitled to less stringent standards and liberal construction normally afforded to non-attorney[s]"). Notably, Minnesota courts have intimated that a plaintiff must clearly allege that he seeks to impose liability via respondeat superior. See Porter v. Grennan Bakeries, Inc., 16 N.W.2d 906, 910 (Minn. 1944); Yath v. Fairview Clinics, N.P., 767 N.W.2d 34, 46 (Minn. Ct. App. 2009).

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that (1) the Court's Order to Show Cause (Doc. No. 68) is **DISCHARGED**, (2) Defendant's Motion for Summary Judgment (Doc. No. 57) is **GRANTED**, and (3) Plaintiff's Amended Complaint (Doc. No. 50) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:  October 22, 2010                                       s/Richard H. Kyle
                                                                RICHARD H. KYLE
                                                                United States District Judge